UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANE PAUL AUGUST | CASE NO. 6:18-CV-00139 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| TRISHA BRINKHAUS ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss, which was filed on behalf of defendant Dennis R. Bundick. (Rec. Doc. 9). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be GRANTED and that the claims asserted by the plaintiff against Bundick be DISMISSED WITH PREJUDICE.

## Background

This lawsuit apparently arose out of the *pro se* plaintiff's experience in Louisiana state court. He asserted claims against 15th Judicial District Court hearing officer Dennis R. Bundick and others, contending that they violated his Constitutional rights, including his right to due process. He alleged that Bundick issued warrants for his arrest and conspired with the other defendants to deprive him of his rights. He alleged that, due to the actions of Bundick and the other defendants, he was incarcerated three times, lost his job three times, did not receive a jury trial,

and was deprived of due process and other rights. The plaintiff sued Bundick in his individual capacity and also in his official capacity. He seeks to recover damages from Bundick in the amount of $75,000 in compensatory damages and $75,000 in punitive damages.

The plaintiff attached to his complaint a civil writ of attachment for failure to appear in Civil Non-Support Court before Bundick on March 1, 2010 (Rec. Doc. 1-2 at 2) (which was recalled on July 11, 2011 (Rec. Doc. 1-2 at 4)); a civil writ of attachment for failure to appear in Civil Non-Support Court before Bundick on October 24, 2011 (Rec. Doc. 1-2 at 3); a civil writ of attachment for failure to appear in Civil Non-Support Court before Bundick on May 6, 2013 (Rec. Doc. 1-2 at 5) (which was recalled on November 18, 2013 (Rec. Doc. 1-2 at 6)); a subpoena to appear before Bundick on March 22, 2017 (Rec. Doc. 1-2 at 9); a hearing officer recommendation regarding child support arrearages signed by Bundick on March 22, 2017 (Rec. Doc. 1-2 at 7); a rule nisi dated November 8, 2013 ordering him to appear in court on November 18, 2013 to show cause why he should not comply with a previous order (Rec. Doc. 1-2 at 10); and other documents. He also attached an "affidavit of fact" (Rec. Doc. 1-2 at 15-18) in which he took the position that the family court non-support division, the Department of Children & Family Services, and the Child Support Enforcement Section "do not have the judicial power or authority to compel authority over the people." (Rec. Doc. 1-2 at 15).

In support of his motion to dismiss, Hearing Officer Bundick argued that he is immune from the individual capacity claim, that the court lacks jurisdiction over the official capacity claim, that the court should abstain from resolving this dispute, that the plaintiff failed to state a claim upon which relief can be granted, and that he was not served properly.

## Analysis

### A. Judicial Immunity

Judges have absolute immunity from civil actions for any judicial act over which they have jurisdiction.[1] Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.[2] Allegations of bad faith, malice, or corruption do not overcome judicial immunity.[3] Immunity applies in all situations except those regarding (1) nonjudicial actions or, in other words, actions not taken in the judge's official capacity; or (2) judicial actions taken in the complete absence of all jurisdiction.[4] Courts are required to construe jurisdiction broadly for purposes

---

[1] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

[2] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[3] *Mireles v. Waco*, 502 U.S. at 11.

[4] *Mireles v. Waco*, 502 U.S. at 11-12.

of judicial immunity.[5] Additionally, officials whose responsibilities are functionally comparable to those of a judge are also absolutely immune from damages liability.[6] The nature of the function performed, not the identity of the actor who performed it, determines whether immunity is afforded.[7] Whether a defendant is absolutely immune from suit is a question of law.[8]

Accordingly, the courts have extended absolute immunity to those who perform functions closely associated with the judicial process, including hearing examiners and administrative law judges.[9] As noted by the United States Supreme Court, "[t]here can be little doubt that the role of the modern federal hearing examiner or administrative law judge. . . is 'functionally comparable' to that of a judge."[10]

There is no dispute, in this case, that Bundick's responsibilities as a family court hearing officer require that he function in a quasi-judicial manner. In

---

[5] *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. at 356–57).

[6] See *Butz v. Economou*, 438 U.S. 478, 513-14 (1978) (finding administrative law judge absolutely immune from damages liability for performing adjudicatory functions).

[7] *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

[8] *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 482 (5th Cir. 2000); *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990).

[9] *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997).

[10] *Butz v. Economou*, 438 U.S. at 513.

particular, the actions that the plaintiff complains about – Bundick's issuing arrest warrants and making recommendations regarding child support – are quasi-judicial tasks. Indeed, in this case, all of the actions by Hearing Officer Bundick that the plaintiff complained about were actions taken in the hearing officer's official capacity and over which he had jurisdiction. For that reason, Bundick is entitled to absolute judicial immunity, and the plaintiff's claim against him should be dismissed with prejudice.

**B.** **The State Cannot be Sued in Federal Court**

There is an alternative reason why the plaintiff's claims against Hearing Officer Bundick should be dismissed. The plaintiff brought his claims under 42 U.S.C. § 1983. Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's Constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. To state a section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.

However, under the Eleventh Amendment to the United States Constitution, states may not be sued in federal court unless they unequivocally consent to the suit

or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity.[11] This immunity extends to state agencies and, if the relief sought would operate against the state, to state officials.[12] Consistently, "[a] judgment in a §1983 lawsuit against an official in his official capacity imposes liability against the entity he represents"[13] because a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.[14] Suits against state officials in their official capacity should, therefore, be treated as suits against the state.[15] In keeping with the applicability of sovereign immunity for states and state officials, both the United States Supreme Court and the Fifth Circuit Court of Appeals have held that state agencies and state officials acting in their official capacity are not persons within the meaning of Section 1983.[16] Section 1983 does not provide for a remedy against the state, and

---

[11] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

[12] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101.

[13] *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), report and recommendation adopted, 2012 WL 1712549 (W.D. La. May 15, 2012). See, also, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978).

[14] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008).

[15] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[16] *Lumpkins v. Office of Community Development*, 621 Fed. App'x 264, 268 (5th Cir. 2015) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 70-71; Hafer v. Melo, 502 U.S. 21 (1991).

6

such an action is barred by the Eleventh Amendment. Since the plaintiff's claim against Bundick was asserted against him in his official capacity, the claim is barred by the Eleventh Amendment and should be dismissed with prejudice.

**C.     Other Arguments Pretermitted**

Having found two alternative bases for dismissal of the plaintiff's claims against Hearing Officer Bundick, it is unnecessary for this Court to examine whether the plaintiff's complaint stated a claim against Bundick upon which relief may be granted, whether the court should abstain, or whether Bundick was properly served. Accordingly, this Court pretermits further discussion of those arguments posited by Bundick in support of his motion to dismiss.

### Conclusion

For the reasons set forth above, this Court concludes (a) that Hearing Officer Bundick is entitled to absolute immunity with regard to the plaintiff's claim against him, and (b) that the plaintiff's claim against Bundick is precluded by sovereign immunity. Accordingly, this Court recommends that Hearing Officer Dennis R. Bundick's motion to dismiss (Rec. Doc. 9) be GRANTED and the plaintiff's claim against him be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 8th day of May 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE