UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANE PAUL AUGUST | CASE NO. 6:18-CV-00139 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| TRISHA BRINKHAUS ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss, which was filed on behalf of defendants Child Support Enforcement Agency, Lakarra Williams, and Trisha Brinkhaus. (Rec. Doc. 17). The motion is opposed. (Rec. Doc. 21). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be GRANTED and that the claims asserted by the plaintiff against the Agency, Williams, and Brinkhaus be DISMISSED WITHOUT PREJUDICE.

### Background

This lawsuit apparently arose out of the *pro se* plaintiff's experience in Louisiana state court. He asserted claims against the Child Support Enforcement Agency, Lakarra Williams, Trisha Brinkhaus, and others, contending that they violated his Constitutional rights, including his right to due process. He alleged that

Williams, Brinkhaus, and the Agency sent income withholding orders to his place of employment in an effort to garnish his wages for the payment of past-due child support without his consent. The plaintiff sued Williams and Brinkhaus in their individual capacities and also in their official capacities. He seeks to recover damages from each of them in the amount of $75,000 in compensatory damages and $75,000 in punitive damages. He seeks to recover the same types and amount of damages from the Agency.

The plaintiff attached to his complaint numerous documents, including an "affidavit of fact" (Rec. Doc. 1-2 at 15-18) in which he took the position that the family court non-support division, the Department of Children & Family Services, and the Child Support Enforcement Section "do not have the judicial power or authority to compel authority over the people." (Rec. Doc. 1-2 at 15).

Williams, Brinkhaus, and the Agency responded to the plaintiff's complaint by filing the instant motion to dismiss. They contend that they have not been served with the plaintiff's complaint, and they argued that they are entitled to dismissal of the claims asserted against them by the plaintiff in this lawsuit.

## Analysis

Rule 4(c) of the Federal Rules of Civil Procedure states that the plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed for service in Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(l) of the Federal Rules of Civil Procedure states that, unless service is waived, the plaintiff must also submit proof of service to the court.

Rule 4(m) establishes a ninety-day deadline for effecting service. It states that if a defendant is not served within ninety days after service of the complaint, the court must dismiss the action without prejudice or require the plaintiff to serve the complaint within a designated time frame. If the plaintiff shows good cause for the failure to timely serve the defendant, however, Rule 4(m) requires the court to extend the time for service.

In this case, the complaint was filed on February 5, 2018, and the ninety-day deadline for effecting service was May 6, 2018. To date, however, no evidence has been placed in the record establishing that the Agency, Williams, or Brinkhaus has been served. Furthermore, in response to the instant motion, the plaintiff did not offer good cause for his delay in serving these defendants. Instead, he reiterated his complaints against the defendants.

The plaintiff bears the burden of showing good cause for a failure to timely serve a defendant.[1] To establish good cause, the plaintiff must demonstrate something more than excusable neglect; therefore, simple inadvertence, mistake of counsel, or ignorance of the rules does not usually constitute good cause for delayed

---

[1] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

service.[2] A showing of good faith and a reasonable basis for noncompliance within the time specified are normally required for an extension of the service deadline.[3] In other words, a showing of good faith requires a statement concerning a reasonable grounds for noncompliance within the time specified.[4] Even when a plaintiff fails to show good cause, however, the court has discretion to extend the time for service.[5]

In this case, the plaintiff filed his complaint on February 5, 2018 (Rec. Doc. 1), and the Clerk of Court issued summonses to the Agency, Williams, and Brinkhaus on February 7, 2018 (Rec. Doc. 5). Along with the summonses, the plaintiff was given notice of Rule 4's requirements.

The plaintiff is this case is proceeding without the assistance of legal counsel. Because *pro se* plaintiffs usually lack the skills of trained lawyers, courts liberally construe the pleadings of *pro se* plaintiffs.[6] However, *pro se* parties are required to

---

[2] *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).

[3] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

[4] *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d at 1306).

[5] *Thrasher v. City of Amarillo*, 709 F.3d at 511.

[6] *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

brief their contentions[7] and comply with relevant procedural rules.[8]  More than 90 days have passed since the complaint was filed, but the plaintiff has not filed proof of service into the record.  In their briefing, the Agency, Williams, and Brinkhaus also represented that they have not been served.  The plaintiff has not offered any reason for the failure to serve the defendants.  Therefore, there is no basis on which the court might extend the deadline for serving Williams, Brinkhaus, and the Agency.

## Conclusion

Having found that the plaintiff failed to comply with the requirements of Fed. R. Civ. P. 4(m) and failed to serve defendants Child Support Enforcement Agency, Lakarra Williams, and Trisha Brinkhaus within the statutory time frame and failed to provide good cause for the delay in service,

IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 17), which was filed on behalf of defendants Child Support Enforcement Agency, Lakarra Williams, and Trisha Brinkhaus be GRANTED, and the plaintiff's claims against those defendants be DISMISSED WITHOUT PREJUDICE.

---

[7]   *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

[8]   *United States v. Jenkins*, 780 F.2d 518, 520 (C.A.5 (Tex.),1986); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 14th day of June 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE