UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANE PAUL AUGUST | CASE NO. 6:18-CV-00139 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| TRISHA BRINKHAUS ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss, which was filed on behalf of defendant Deputy Clerk of Court Monica Comeaux. (Rec. Doc. 12). The motion is opposed. (Rec. Doc. 21). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be GRANTED and that the claims asserted by the plaintiff against Ms. Comeaux be DISMISSED WITHOUT PREJUDICE.

### Background

This lawsuit apparently arose out of the *pro se* plaintiff's experience in Louisiana state court. He asserted claims against 15th Judicial District Court Deputy Clerk of Court Monica Comeaux and others, under 42 U.S.C. § 1983, contending that they violated his Constitutional rights, including his right to due process. He alleged that Ms. Comeaux issued warrants for his arrest and conspired with the other defendants to deprive him of his rights. He alleged that, due to the actions of Ms. Comeaux and the other defendants, he was incarcerated three times,

lost his job three times, did not receive a jury trial, and was deprived of due process and other rights. The plaintiff sued Ms. Comeaux in her individual capacity and also in her official capacity. He seeks to recover damages from Ms. Comeaux in the amount of $75,000 in compensatory damages and $75,000 in punitive damages.

With regard to his claims against Ms. Comeaux, the plaintiff attached documents signed by Ms. Comeaux in her official capacity as a deputy clerk for the Lafayette Parish Clerk of Court, including to civil writs of attachments for his arrest in connection with his failure to appear for civil non-support court before Hearing Officer Dennis Bundick on March 1, 2010, October 24, 2011, and May 6, 2013; notifications of recalled warrants ordered by Mr. Bundick dated July 11, 2011 and November 18, 2013; a rule nisi ordering the plaintiff to appear in court on November 18, 2013; and a subpoena duces tecum issued in connection his ordered court appearance of November 18, 3013; and a subpoena for the plaintiff appear in court on March 22, 2017 to give testimony,. (Rec. Doc. 1-2 at pages 2-6, 9-10, 13).

Ms. Comeaux presented two arguments in support of her motion. She argued, first, that she was not properly served with the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, therefore, she seeks dismissal of the plaintiff's claims against her under Fed. R. Civ. P. 12(b)(5)

for insufficient service of process. Ms. Comeaux also argued that the plaintiff failed to state a claim upon which relief can be granted. Therefore, she seeks dismissal of the plaintiff's claims against her under Fed. R. Civ. P. 12(b)(6).

## Law and Analysis

### A. Insufficient Service of Process

Ms. Comeaux contends that she was not properly served because the plaintiff attempted to serve her personally at her work location and left the summons and complaint with another employee of the Clerk of Court's office. She seeks to have the plaintiff's claims against her dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

A motion under Rule 12(b)(5) challenges the mode of delivery or lack of delivery of the summons and complaint. A Rule 12(b)(5) motion "turns on the legal sufficiency of the service of process."[1] The party making the service has the burden of demonstrating the validity of service when an objection to that service is presented to the court.[2]

Rule 4 of the Federal Rules of Civil Procedure addresses service. Fed. R. Civ. P. 4(e) states that an individual may be served by delivery of copies of the summons and complaint to the individual, to the individual's authorized agent, or to a person of suitable age and discretion at the individual's home. The rule does

---

[1] *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007).
[2] *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

not authorize service on a co-worker at an individual's place of business. Further, Rule 4(c)(2) expressly states that service may not be effected by a party to the lawsuit. Thus, the plaintiff's attempt to serve the lawsuit on Ms. Comeaux at her work location by his personally delivering copies of the summons and complaint to her co-worker was not a method of service authorized by the cited rules.

Rule 4(e) alternatively provides that service may be accomplished by following the applicable state's law regarding service. In Louisiana, a petition for damages must be served by the sheriff of the parish where the service is to be made or by a private process server appointed when the sheriff has been unable to effect service.[3] No evidence was presented to show that the plaintiff ever requested service on Ms. Comeaux by a sheriff or successfully accomplished service on Ms. Comeaux in this manner.

Although Ms. Comeaux's contentions about the method of service used by the plaintiff was set forth in her briefing without a supporting affidavit or other evidentiary corroboration, the plaintiff did not attempt to refute her contentions. Therefore, there is no basis on which this Court might conclude that the plaintiff attempted to serve Ms. Comeaux by any method other than that described in Ms. Comeaux' briefing. Accordingly, this Court finds that the plaintiff's service attempt was flawed because it did not comply with the strictures of Rule 4, and Ms.

---

[3] Louisiana Code of Civil Procedure Articles 1291-1293.

4

Comeaux is entitled to dismissal of the plaintiff's claims against her under Rule 12(b)(5).

## B. <u>Failure to State a Claim</u>

Ms. Comeaux alternatively argued that the plaintiff's complaint failed to state a claim against her upon which relief can be granted, and she seeks dismissal of the claim under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."[4] A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] The factual allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability.[6] In evaluating whether a complaint presents a plausible claim, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.[7] The court is not, however, bound to accept as true legal conclusions couched as factual allegations.[8]

In this case, the factual allegations fail to raise a reasonable expectation that discovery will reveal evidence of liability. The only factual allegation set forth in

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 547 (2007))
[5] *Ashcroft v. Iqbal*, 556 U.S. at 578.
[6] *Bell Atlantic v. Twombly*, 550 U.S. at 556.
[7] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. at 678.

the complaint regarding Ms. Comeaux is that she issued warrants for the plaintiff's arrest. Because Ms. Comeaux was a deputy clerk of court, it would be reasonable to assume that issuing arrest warrants was a part of her usual and customary job duties. The complaint contains no factual allegation that Ms. Comeaux erroneously, negligently, or improperly issued arrest warrants or that she did so without the instruction or direction of a judge or hearing officer. Thus, the complaint contains no factual support for a claim that Ms. Comeaux violated the plaintiff's constitutional rights by issuing the arrest warrants referenced in the complaint. Based on the content of the complaint, this Court cannot draw a reasonable inference of misconduct by Ms. Comeaux and therefore cannot find that a valid claim against her was stated in the complaint.

The plaintiff in this lawsuit is proceeding without legal counsel. Generally, *pro se* plaintiffs lack the juridical skills of legally-trained lawyers in interpreting and applying the procedural and substantive requirements of the legal system. As a result, the Fifth Circuit has adopted the rule that courts should liberally construe the pleadings filed by unrepresented plaintiffs.[9] But a court is not required to search for or try to create causes of actions for *pro se* plaintiffs,[10] and *pro se*

---

[9] *Perez v. United States,* 312 F.3d 191, 194-95 (5th Cir. 2002); *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995).

[10] *Borninski v. Williamson,* No. 3:02-cv-1014–L, 2005 WL 1206872, at *9 (N.D. Tex. May 17, 2005).

plaintiffs are generally required to abide by all applicable procedural rules.[11]  A *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve him of this duty.[12]  Even after reading the plaintiff's complaint and briefing as liberally as possible, this Court is unable to discern a plausible claim against Ms. Comeaux.

## Conclusion

For the reasons set forth above, this Court concludes that the plaintiff failed to state a claim against Ms. Comeaux upon which relief can be granted and has failed to properly serve Ms. Comeaux.  Accordingly, this Court recommends that Deputy Clerk of Court Monica Comeaux's motion to dismiss (Rec. Doc. 12) be GRANTED and the plaintiff's claim against her be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[11] *Thorn v. McGary*, 684 Fed. App'x 430, 433 (5th Cir. 2017); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[12] See *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991).

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 11th day of July 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE