UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHANE PAUL AUGUST            CASE NO. 6:18-CV-00139

VERSUS            UNASSIGNED DISTRICT JUDGE

TRISHA BRINKHAUS ET AL.            MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss, which was filed on behalf of defendant Special Assistant District Attorney Shane Mouton. (Rec. Doc. 42). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The deadline for filing a response to the motion elapsed without an opposition brief having been filed; accordingly, the motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be GRANTED and that the claims asserted by the plaintiff against Mr. Mouton be DISMISSED WITHOUT PREJUDICE.

### Background

This lawsuit, which was brought under 42 U.C.C. § 1983, apparently arose out of the *pro se* plaintiff's experience in Louisiana state court. He asserted claims against Mr. Mouton and others, contending that they violated his Constitutional

rights, including his Fifth and Fourteenth Amendment rights to due process. He sued Mr. Mouton in his individual and official capacities, and alleged that Mr. Mouton issued warrants for his arrest that allegedly resulted in his being incarcerated, losing his job, and having child support payments deducted from his pay checks. He seeks to recover damages from Mr. Mouton in the amount of $75,000 in compensatory damages and $75,000 in punitive damages.

The plaintiff attached to his complaint numerous documents indicating that Mr. Mouton was a special assistant district attorney in the 15th Judicial District Court for Lafayette Parish, Louisiana, who prosecuted the plaintiff in connection with his child support obligations. Those documents include a letter from Mr. Mouton to the Lafayette Parish Clerk of Court requesting the service of a subpoena duces tecum on the plaintiff in connection with a hearing set for November 18, 2013 (Rec. Doc. 1-2 at 11) and a rule for increase in child support that was filed on March 19, 2013 and signed by Mr. Mouton (Rec. Doc. 1-2 at 12).

Mr. Mouton responded to the plaintiff's complaint by filing the instant motion to dismiss. He contends that he was not properly or timely served with the plaintiff's complaint, that he is immune from liability to the plaintiff, that the court lacks jurisdiction over the plaintiff's claims against Mouton, and that the plaintiff failed to state a valid Section 1983 claim against him. Thus, Mr. Mouton argued that the claims asserted against him by the plaintiff in this lawsuit should be dismissed.

## Analysis

### A. Mouton is Immune from Liability in his Individual Capacity

Prosecutors are absolutely immune from Section 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties.[1] Although absolute immunity does not extend to a prosecutor's administrative or investigatory functions,[2] the traditional functions of a prosecutor are to decide which suits to bring and to conduct them in court.[3] Therefore, the decision to file or not file criminal charges is protected by prosecutorial immunity.[4] A prosecutor is entitled to absolute immunity when he acts in that capacity even if he acts maliciously, wantonly, or negligently.[5]

In this case, the plaintiff is suing Mr. Mouton for prosecuting him with regard to child support obligations. The alleged wrongful acts apparently concern Mr. Mouton's decisions to seek an increase in child support payments, to seek the

---

[1] *Quinn v. Roach*, 326 Fed. App'x 280, 292 (5th Cir. 2009) (citing *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) and *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

[2] *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

[3] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 478 (5th Cir. 1999); *Hart v. O'Brien*, 127 F.3d 424, 440 (5th Cir. 1997), cert. denied, 525 U.S. 1103 (1999).

[4] **Error! Main Document Only.***Quinn v. Roach*, 326 Fed. App'x at 292; *Hoffart v. Herman*, 328 Fed. App'x 972, 973 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x 824, 826 (5th Cir. 2006); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

[5] *Rykers v. Alford*, 832 F.2d at 897 (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

issuance of a subpoena *duces tecum* directed to the plaintiff in connection with his child support obligations, and to seek arrest warrants when the plaintiff failed to comply with court orders. Such decisions clearly fall within the scope of a prosecutor's traditional prosecutorial duties. Accordingly, the plaintiffs' § 1983 claims against Mr. Mouton, in his individual capacity, is barred by absolute immunity.

**B.     The Court Does Not Lack Jurisdiction over the Official Capacity Claim**

A suit against a governmental official in his or her official capacity is really a suit against the office or the government. Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent. Therefore, the plaintiffs' claim against Mr. Mouton in his official capacity is actually a claim against the governmental entity by which he is employed. Mr. Mouton argued that, as an assistant district attorney, he is an official of the State of Louisiana and protected from prosecution under the Eleventh Amendment.

However, previous rulings have found that "a Louisiana district attorney, sued in his or her official capacity, is a local government official who is not entitled to Eleventh Amendment immunity."[6] Accordingly, this argument lacks merit.

---

[6]     *Burge v. Parish of St. Tammany*, 187 F.3d at 466 (citing *Mairena v. Foti*, 816 F.2d 1061, 1064 n. 1 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988)); *Hudson v. City of New Orleans*, 174 F.3d 677, 680-81 (5th Cir. 1999) (clarifying why the Eleventh Amendment does not immunize the Orleans Parish District Attorney's Office).

## C.     <u>**Mouton was Not Properly or Timely Served**</u>

Mr. Mouton seeks dismissal of the claims asserted against him under Rule 5(b) of the Federal Rules of Civil Procedure, which allows a defense based on insufficient service of process. A motion to dismiss under Rule 12(b)(5) challenges the mode of delivery or lack of delivery of the summons and complaint and turns on the legal sufficiency of the service of process. Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.[7] A district court has broad discretion to dismiss an action under Rule 12(b)(5).[8]

Rule 4(c) of the Federal Rules of Civil Procedure states that the plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed for service in Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(l) of the Federal Rules of Civil Procedure states that, unless service is waived, the plaintiff must also submit proof of service to the court.

Rule 4(m) establishes a ninety-day deadline for effecting service. It states that if a defendant is not served within ninety days after service of the complaint, the court must dismiss the action without prejudice or require the plaintiff to serve the complaint within a designated time frame. If the plaintiff shows good cause for the

---

[7]     *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Holly v. Metro. Transit Authority*, 213 Fed. App'x 343, 343 (5th Cir. 2007).

[8]     *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

failure to timely serve the defendant, however, Rule 4(m) requires the court to extend the time for service.

In this case, the complaint was filed on February 5, 2018, and the ninety-day deadline for effecting service was May 6, 2018. To date, however, no evidence has been placed in the record establishing that Mouton has been served. Furthermore, in response to the instant motion, the plaintiff did not offer good cause for his delay in serving this defendant. Indeed, he failed to respond to the instant motion in any way within the deadline for doing so.

The plaintiff bears the burden of showing good cause for a failure to timely serve a defendant.[9] To establish good cause, the plaintiff must demonstrate something more than excusable neglect; therefore, simple inadvertence, mistake of counsel, or ignorance of the rules does not usually constitute good cause for delayed service.[10] A showing of good faith and a reasonable basis for noncompliance within the time specified are normally required for an extension of the service deadline.[11] In other words, a showing of good faith requires a statement concerning a reasonable

---

[9] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

[10] *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).

[11] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

6

grounds for noncompliance within the time specified.[12] Even when a plaintiff fails to show good cause, however, the court has discretion to extend the time for service.[13] Thus, if good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service.[14]

In this case, the plaintiff filed his complaint on February 5, 2018 (Rec. Doc. 1), and the Clerk of Court issued a summons to Mr. Mouton on February 7, 2018 (Rec. Doc. 5). Along with the summons, the plaintiff was given notice of Rule 4's requirements.

The plaintiff is this case is proceeding without the assistance of legal counsel. Because *pro se* plaintiffs usually lack the skills of trained lawyers, courts liberally construe the pleadings of *pro se* plaintiffs.[15] However, *pro se* parties are required to brief their contentions[16] and comply with relevant procedural rules.[17] More than ninety days have passed since the complaint was filed, but the plaintiff has not filed

---

[12] *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d at 1306)).

[13] *Thrasher v. City of Amarillo*, 709 F.3d at 511.

[14] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[15] *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

[16] *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

[17] *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

proof of service into the record. In his briefing, Mr. Mouton also stated that he has not been served. The plaintiff has not offered any reason for the failure to serve Mr. Mouton. Therefore, there is no basis on which the court might extend the plaintiff's deadline for effecting service, and this case should be dismissed without prejudice.

### D. The Plaintiff Failed to State a Valid Section 1983 Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[18] When considering such a motion, the court must limit itself to the contents of the pleadings,[19] accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff.[20] To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[21] A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[19] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[21] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

alleged."[22] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[23]

In his complaint, the plaintiff articulated claims under 42 U.S.C. § 1983, which provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[24] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[25]

Here, the plaintiff's complaint expressly stated that his claims are premised on alleged violations of his Fifth and Fourteenth Amendment due process rights and other constitutional protections, and he sued Mr. Mouton in both his individual and official capacities. But the plaintiff did not specifically allege that Mr. Mouton did

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[23] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[24] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[25] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

9

anything improper or unwarranted in carrying out his official duties. All that is alleged is that Mr. Mouton requested the issuance of a subpoena *duces tecum*, requested a hearing on a rule to increase child support, and possibly issued warrants for the plaintiff's arrest when he failed to comply with court orders. The complaint is lacking in factual support for any alleged wrongful conduct by Mr. Mouton, and this Court finds that it is not possible to draw a reasonable inference of wrongdoing by Mr. Mouton based on the allegations set forth in the complaint. Accordingly, this Court finds that the plaintiff has failed to state a Section 1983 claim against Mr. Mouton in his official capacity upon which relief can be granted by the court.

## Conclusion

Having found that the plaintiff failed to serve defendant Shane Mouton within requisite time frame and failed to provide good cause for the delay in service, having found that Mr. Mouton is absolutely immune from liability to the plaintiff in his individual capacity, and having found that the plaintiff failed to state a Section 1983 claim against Mr. Mouton in his official capacity upon which relief might be granted by the court,

IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 42), which was filed on behalf of defendant Shane Mouton should be GRANTED, and the plaintiff's claims against Mr. Mouton should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 10th day of October 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE